UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY BEASLEY,<br><br>          Plaintiff,<br><br>     v.<br><br>TRAVELERS INSURANCE,<br><br>          Defendant. | No. 2:23–cv–326–DJC–KJN PS<br><br>ORDER |

On March 28, 2023 the court noted the case was ready for scheduling and ordered the parties to confer and submit a joint statement so the case could proceed to discovery.[1] (ECF No. 5.) The matter was set for a hearing on May 16, 2023 by remote means.

Defendant submitted a status report responsive to the court's minute order providing discovery dates and other relevant information. Counsel for defendant also stated he attempted to confer with plaintiff over the joint report, but these attempts were unsuccessful. (ECF No. 8.)

Additionally, a day before the report was due, plaintiff filed a document entitled "request for written communication." Therein, plaintiff requested a stay of the case so that she could find legal counsel. Plaintiff further stated she is hearing impaired and that written communication would be appreciated. (ECF No. 7.) Plaintiff repeated this request in an email to chambers.

---

[1] This matter was referred to the undersigned per 28 U.S.C. § 636(c) and Local Rule 302(c)(21).

1

At the outset, plaintiff is warned that her conduct thus far in this case is unacceptable. As the court indicated in its March 28th order, she is required to confer with defense counsel over the joint status report. This is for plaintiff's benefit, as the court does not want to schedule this case without plaintiff's input. Further, cooperation and civility between the parties is required so the case can move forward. Conferral may happen by phone, email, or in person. Plaintiff is warned that any future failure on her part to confer with defendant may result in sanctions.

Additionally, plaintiff's waiting until the joint-report deadline to inform the court of her hearing impairment does not allow sufficient time to arrange for a hearing that accommodates plaintiff. As the information on the court's website states, any request for accommodation must be submitted at least two weeks in advance of a hearing. See "Access Coordinators and Accommodations For Persons with Communication Disabilities," available at https://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/accommodations-for-communication-disabilities/. Plaintiff was notified on March 28th that next week's hearing was to be remote and had ample time to request her accommodation.

Finally, the court reminds plaintiff that any requests, motions, notices, and the like are filed on the docket—not to be emailed to chambers staff. The court appreciates that plaintiff copied defense counsel on her email so all parties are aware of the communications. However, moving forward, plaintiff's requests shall be filed on the docket as she did with her May 9th letter.

Turning to plaintiff's request for a stay, this request is denied without prejudice. Plaintiff may continue to seek counsel as the case proceeds, but an open ended stay of the case does not meet the court's good cause standard. See, e.g., Fressadi v. Glover, 2019 WL 7562354, at *4 (D. Ariz. Jan. 14, 2019) (finding a lack of good cause for "an open extended extension for which to retain counsel," where the plaintiff's health issues did not appear to affect his ability to prosecute his case, and where he could choose to dismiss his case without prejudice and refile at any time if he needed space to attend to other matters).

Given the bind plaintiff has put the court in with her failure to confer over the joint letter and her late-filed request for an accommodation, the May 16 hearing is reset for June 27, 2023 at 9:00 a.m. This hearing will be in person before the undersigned at the Matsui Courthouse (501 I.

St., Sacramento, CA 95814), 8th Floor, Courtroom 25.  Should plaintiff require accommodations for her impairment, she shall familiarize herself with the court's procedures for such request, and contact the court's Access Coordinator by June 13, 2023 to make such a request (Yolanda Riley-Portal, yriley-portal@caed.uscourts.gov 916-930-4221).  See also https://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/accommodations-for-communication-disabilities/).  As this delay likely affects the parties' discovery plans, the parties are ordered to confer over discovery dates and submit a new joint statement.

## ORDER

Accordingly, it is hereby ORDERED:

1. The May 16 hearing is RESET for June 27, 2023 at 9:00 a.m., in Courtroom 25 of the Matsui Courthouse;

2. Should plaintiff require accommodations due to her impairment, she shall contact the court's Access Coordinator no later than June 13, 2023;

3. Between now and May 31, 2023, the parties shall confer over scheduling, and shall submit another joint statement no later than June 13, 2023 with updated discovery dates; and

4. Plaintiff is warned that further failure to confer with defendant or to follow the court's orders will result in sanctions, which may include monetary sanctions up through dismissal of her case.

Dated:  May 11, 2023

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

beas.326