UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY BEASLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>TRAVELERS INSURANCE,<br><br>    Defendant. | No.  2:23–cv–326–DJC–KJN PS<br><br>ORDER TO SHOW CAUSE |

On March 28, 2023, the court noted the case was ready for scheduling and ordered the parties to confer and submit a joint statement.[1]  (ECF No. 5.)  The matter was set for a remote hearing to take place on May 16, 2023.  (Id.)  Defendant submitted a status report responsive to the court's minute order providing discovery dates and other relevant information.  (ECF No. 8.)  Counsel for defendant also stated he attempted to confer with plaintiff over the joint report, but these attempts were unsuccessful.  (Id.)  Plaintiff filed a request for written communications and moved to stay the case indefinitely until she could secure legal counsel.  (ECF Nos. 7, 10.)  Given the short amount of time, the court reset the status conference for an in person hearing on June 27, 2023, ordered plaintiff to request accommodations with the court's Access Coordinator by June 13th, and ordered the parties to confer and submit a joint statement.  (ECF No. 9.)  Plaintiff was

---

[1] This matter was referred to the undersigned per 28 U.S.C. § 636(c) and Local Rule 302(c)(21).

1

warned that further failure to confer with defendant, failure to follow the courts orders, and failure to file motions, requests, and the like on the docket could result in sanctions, including monetary sanctions up through dismissal of her case.  (Id.)

On June 13, defendant filed a status report responsive to the court's last order.  (ECF No. 11.)  Therein, defense counsel indicated plaintiff did not participate in the drafting of the joint statement, and indicated the only time he heard from plaintiff was on June 7 when she requested defendant agree to continue the scheduling conference due to unspecified medical issues.  Counsel stated he informed plaintiff that defendant could not agree to a stay without more information.  (ECF No. 11-1.)  In the afternoon of June 13th, plaintiff emailed the undersigned's courtroom deputy (cc'ing defense counsel) with the subject line "Medical Continuance Requested/Medical Documentation Attached."  The email states "Medical Continuance requested with the attached Physician's Documentation please and thank you. I am unable to proceed with this case due to my medical crisis requiring to hospitalization and I'm physically incapacitated."  A purported doctors note is attached that states plaintiff "was hospitalized in May 2023. Please excuse her from all activities to accommodate the recovery period. Please revisit recover after November 9, 2023."  The court received the filing for docketing the next day.  (ECF No. 12.)

Plaintiff is now ordered to show cause why this case should not be dismissed without prejudice.  The court is not completely clear on whether plaintiff's email to the courtroom deputy is requesting dismissal or a stay, but plaintiff has been informed that lengthy stays cannot be granted.  The court is inclined to grant a one-time, 60 day extension on the scheduling matter, but disinclined to grant extensions beyond this without further information.  Should plaintiff require time beyond the 60 days to proceed with this case, plaintiff is informed that Federal Rule of Civil Procedure 41(a)(1)(A)(ii) allows the parties to stipulate to dismissal of the case without need for a court order.  This dismissal could be without prejudice, which would allow plaintiff to refile her case at a future date when she is ready to proceed with the action.[2]

Given these developments, the court vacates the June 27th hearing.

---

[2] The court takes no position on which option plaintiff should take, but reminds her to consider the statute of limitations for her claim.

**ORDER**

Accordingly, it is hereby ORDERED that:

1. The June 27, 2023 hearing is VACATED;
2. Within 21 days of this order, plaintiff shall respond to this order to show cause indicating whether she intends to dismiss the case without prejudice or request a one-time, 60 day extension on the scheduling of this case;
3. Plaintiff is warned that failure to respond to this order (via a filing on the court's docket, 501 I. St., Sacramento, CA 95814) will result in a recommendation that the case be dismissed without prejudice; and
4. This order resolves ECF Nos. 10 and 12, and terminates ECF No. 7 as previously resolved.

Dated: June 21, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

beas.326