UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY BEASLEY, | Case No. 2:23-CV-0326-DJC-CSK |
| Plaintiff, | |
| v. | ORDER |
| TRAVELERS COMMERCIAL INSURANCE COMPANY, | (ECF Nos. 58, 59, 61, 62, 65, 67) |
| Defendant. | |

Pending before the Court are the following administrative motions filed by Plaintiff Tracy Beasley, who is currently appearing without counsel in this action: (1) motion for a hearing on Defendant Travelers Commercial Insurance Company's motion to dismiss (ECF No. 58); (2) motion for electronic case filing (ECF No. 59); (3) motion for an extension of time to oppose Defendant's motion to dismiss (ECF No. 61); (4) motion to request that the Court schedule a settlement conference (ECF No. 62); and (5) motion to modify the scheduling order (ECF No. 67). Also pending before the Court is Defendant's ex parte motion to modify the scheduling order (ECF No. 65). Administrative motions are submitted without a hearing. E.D. Cal. L.R. 233(c).

**1. Plaintiff's Motion for a Hearing (ECF No. 58)**

Plaintiff filed a motion for a hearing on Defendant's motion to dismiss, which Defendant opposes. (ECF Nos. 58, 60.) The Court denies Plaintiff's motion for a hearing

1

on Defendant's motion to dismiss. Pursuant to Local Rule 230(g), the Court finds Defendant's motion to dismiss suitable for decision on the record and briefs on file. The hearing was previously vacated. (ECF No. 56.)

### 2. Plaintiff's Motion for Electronic Case Filing (ECF No. 59)

Plaintiff filed a motion for "electronic case filing, viewing case documents, and PACER access." (ECF No. 59.) The Local Rules provide that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." *See* E.D. Cal. Local Rule 133(b)(2). Local Rule 133(b)(3) also provides, in relevant part, that requests to use electronic filing as an exception from the Local Rules shall be submitted as stipulations as provided by Local Rule 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception. Plaintiff does not provide any reason for her request, let alone good cause for deviance from Local Rule 133. Plaintiff's request for electronic case filing and PACER access is denied. Plaintiff will continue to file paper documents with the Court through conventional means.

To view case documents that have been filed in this action, in addition to the copies Plaintiff has received through service, she may also view case filings by visiting the Clerk's Office in the courthouse, which provides computer terminals to view case filings. More information, including hours of operation, is available on the district court's website (*see* https://www.caed.uscourts.gov/caednew/index.cfm/clerks-office/). This portion of Plaintiff's motion is denied as moot.

Therefore, Plaintiff's motion is denied.

### 3. Plaintiff's Motion for an Extension of Time (ECF No. 61)

Plaintiff filed a motion for an extension of time to oppose Defendant's motion to dismiss, requesting an extension of 45-60 days, which Defendant opposes. (ECF Nos. 61, 63.) Plaintiff's opposition or statement of non-opposition to Defendant's motion to dismiss was due on February 27, 2025, fourteen days after the motion was filed on February 13, 2025. E.D. Cal. Local Rule 230(c). The Court also notes that Plaintiff was

served electronically with the motion on the same day it was filed. (ECF No. 51 at 25-26.) Due to Plaintiff's pro se status and the general public policy favoring disposition of cases on their merits where possible, the Court will provide Plaintiff with one final opportunity to file Plaintiff's opposition or statement of non-opposition to Defendant's motion to dismiss within fourteen (14) days of this Order, on or by July 9, 2025. Defendant's optional reply will be due within ten (10) days after Defendant is served with Plaintiff's opposition or Plaintiff's opposition is filed, whichever is earlier.

The Court expressly notes that it grants this request without making any finding as to Plaintiff's alleged cognitive capacity referenced in her extension request. The Court notes that Plaintiff filed two separate motions before her extension request that did not reference any cognitive capacity issues.

**4. Plaintiff's Motion to Schedule a Settlement Conference (ECF No. 62)**

Plaintiff filed a motion to request that the Court schedule a settlement conference, which Defendant opposes. (ECF Nos. 62, 64.) A settlement conference was previously held with Magistrate Judge Kendall Newman on January 17, 2024, while Plaintiff was still represented by counsel, and the case did not settle. (ECF Nos. 28-29.) The Court denies this motion. If the parties jointly request a further settlement conference, the joint request may be filed for the Court's consideration.

**5. Motions to Modify the Scheduling Order (ECF Nos. 65, 67)**

Defendant filed an ex parte motion to modify the scheduling order and Plaintiff then separately filed her own motion to modify the scheduling order, which Defendant opposes. (ECF Nos. 65, 67, 68) Both Defendant and Plaintiff request continuing all deadlines by approximately 160 days because Defendant's motion to dismiss is pending. Defendant further requests that the discovery and expert deadlines only be continued for Defendant's benefit due to Plaintiff's alleged failure to cooperate in discovery. Def. Mot. at 1-2 (ECF No. 65). Plaintiff similarly requests that discovery and expert deadlines only be continued for Plaintiff's benefit due to Defendant's alleged failure to work with "Attorney Michelle Viaruso." Pl. Mot. at 1-2 (ECF No. 67). Each party opposes the

request that deadlines be continued for only the other party's benefit.

Plaintiff's motion suggests that she may now be represented by counsel. Within seven (7) days of this Order, on or by July 2, 2025, Plaintiff must indicate her representation status by either (i) her counsel filing a notice of appearance, or (ii) by Plaintiff filing a status report stating that she continues to proceed in this action without counsel.

Finding good cause to modify the scheduling order where Defendant's motion to dismiss is pending, the Court grants in part and denies in part both motions to modify the scheduling order. The dates set for the final pretrial conference and trial are vacated. *See* Pretrial Scheduling Order (ECF No. 50). If Defendant's motion to dismiss is denied, within seven (7) days of the findings and recommendation or order denying the motion to dismiss, the parties shall submit to the Court proposed final pretrial conference and trial dates. The following dates in the Pretrial Scheduling Order are continued as summarized in the following table:

| Event | New Deadline |
| --- | --- |
| Non-Expert Discovery Completion | **November 17, 2025** |
| Expert Disclosures | **December 2, 2025** |
| Rebuttal Expert Disclosures | **January 6, 2026** |
| Expert Discovery Completion | **February 10, 2026** |
| If cross-motions for summary judgment,[1] Plaintiff's Summary Judgment Motion Filed By | **March 3, 2026** |
| If no cross-motions for summary judgment, Dispositive Motion Filed By | **March 24, 2026** |
| Dispositive Motions Heard By | **April 28, 2026** |
| Final Pretrial Conference ("FPTC") | **Vacated, to be scheduled** |
| Jury Trial (5-7 days) | **Vacated, to be scheduled** |

---

[1] If both Plaintiff and Defendant intend to file motions for summary judgment, the parties must follow the schedule set out in Judge Kim's Civil Standing Orders for cross-motions for summary judgment.

**CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that:

1. The Court DENIES Plaintiff's motion for a hearing (ECF No. 58) on Defendant's motion to dismiss.

2. The Court DENIES Plaintiff's motion for electronic case filing (ECF No. 59).

3. The Court GRANTS IN PART Plaintiff's motion for an extension (ECF No. 61). Plaintiff's opposition or statement of non-opposition to Defendant's motion to dismiss (ECF No. 51) must be filed within fourteen (14) days of this Order, on or by July 9, 2025. Defendant's optional reply will be due within ten (10) days after Defendant is served with Plaintiff's opposition or Plaintiff's opposition is filed, whichever is earlier.

4. The Court DENIES Plaintiff's motion to request that the Court schedule a settlement conference (ECF No. 62).

5. The Court GRANTS IN PART and DENIES IN PART the parties' motions to modify the scheduling order (ECF Nos. 65, 67). The dates set for the final pretrial conference and trial are vacated, and the dates in the Pretrial Scheduling Order identified above are continued as summarized in the above table.

6. Within seven (7) days of this Order, on or by July 2, 2025, Plaintiff must indicate her representation status by either (i) her counsel filing a notice of appearance, or (ii) by Plaintiff filing a status report stating that she continues to proceed in this action without counsel.

7. The Clerk's Office is directed to email a courtesy copy of this order to Plaintiff at the email address listed by Plaintiff on her filings: tracybeasley2003@yahoo.com.

Dated:  June 25, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

23-0326.beas/csk