1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TRACY BEASLEY,                        Case No. 2:23-cv-00326-DJC-CSK

12                  Plaintiff,             ORDER AND FINDINGS AND
                                           RECOMMENDATIONS ON
13        v.                               DEFENDANT'S MOTION TO DISMISS, OR
                                           IN THE ALTERNATIVE, TO COMPEL AND
14   TRAVELERS COMMERCIAL                  MOTION FOR MONETARY SANCTIONS
     INSURANCE COMPANY,
15                                         (ECF Nos. 51, 66)
                  Defendant.
16

17        Pending before the Court is Defendant Travelers Commercial Insurance

18   Company's motion to dismiss, or in the alternative, to compel, (ECF No. 51) and motion

19   for monetary sanctions (ECF No. 66).[1] Plaintiff is appearing without counsel. Pursuant to

20   Local Rule 230(g), the Court submitted the motions upon the record and briefs on file

21   and vacated the March 25, 2025 and May 13, 2025 hearings. (ECF Nos. 56, 69.) For the

22   reasons that follow, the Court recommends GRANTING Defendant's motion to dismiss.

23   The Court further DENIES Defendant's alternative motion to compel as MOOT and

24   DENIES without prejudice Defendant's motion for monetary sanctions.

25   I.    BACKGROUND

26        Plaintiff initiated this action in Sacramento County Superior Court against

27

28   [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
     Civ. P. 72, and Local Rule 302(c).

                                            1

1   Defendant alleging a single breach of contract claim. *See* Compl. (ECF No. 1, Exh. 1.)

2   On February 23, 2023, Defendant removed this action to federal court on the basis of

3   diversity jurisdiction. (ECF No. 1.) On March 2, 2023, Defendant filed an Answer. (ECF

4   Nos. 3.)

5        On March 28, 2023, Magistrate Judge Kendall J. Newman ordered the parties to

6   meet and confer and submit a joint statement pursuant to Federal Rules of Civil

7   Procedure 16 and Local Rule 240 for purposes of scheduling case deadlines. 3/28/2023

8   Order (ECF No. 5). The parties were ordered to file a joint statement by May 10, 2023.

9   *Id.* at 2. Plaintiff was reminded that while the Court "liberally construes filings by parties

10  who are not represented by counsel, pro se parties are still required to comply with the

11  Federal Rules, the court's Local Rules and all orders of the court." *Id*. Plaintiff was further

12  warned of her obligation to confer in good faith with Defendant on the submission of the

13  joint statement. *Id.* A remote hearing for May 16, 2023 was scheduled for the initial

14  scheduling conference. *Id.*

15       On May 9, 2023, Plaintiff filed a "request for written communication" stating she is

16  "hearing impaired" and that "[w]ritten communication is appreciated." (ECF No. 7.)

17  Plaintiff further requested a stay of this action while she "secure[d] legal counsel." *Id*.

18  Plaintiff repeated this request to chambers by email as well. 5/11/2023 Order at 1 (ECF

19  No. 9). On May 10, 2023, Defendant filed a Defendant-only status report providing

20  proposed case deadlines and stating that Defendant attempted to confer with Plaintiff on

21  multiple occasions, but these attempts were unsuccessful. (ECF No. 8.) On May 11,

22  2023, Magistrate Judge Newman issued an order warning Plaintiff "that her conduct thus

23  far in this case is unacceptable[,]" reminding Plaintiff of her requirement to confer with

24  Defendant to submit a joint statement, reminding Plaintiff that "cooperation and civility

25  between the parties is required so the case can move forward" and warning Plaintiff that

26  future failure by Plaintiff to confer with Defendant may result in sanctions. 5/11/2025

27  Order at 2. Plaintiff was also warned that waiting to inform the Court as to her hearing

28  impairment last minute did not allow for sufficient time to arrange for accommodations

1    considering Plaintiff was provided ample time to request accommodations for the

2    hearing. *Id.* Plaintiff was also reminded that any requests, motions, notices, and related

3    filings must be filed on the docket and not emailed to chambers staff. *Id.* In addition, the

4    May 11, 2023 Order denied Plaintiff's request to stay the action without prejudice for

5    failure to establish good cause and reset the initial scheduling conference for June 27,

6    2023. *Id*. at 2-3. The parties were ordered to confer over case deadlines and submit a

7    joint statement no later than June 13, 2023. *Id*. at 3.

8         On May 11, 2023, Plaintiff filed a second motion to stay requesting a stay of this

9    action "until legal counsel is secured." (ECF No. 10.) On June 13, 2023, Plaintiff filed a

10   "medical continuance" and indicated that she was "unable to proceed with the case due

11   to [Plaintiff's] medical crisis requiring hospitalization and [] being physically

12   incapacitated." ECF No. 12 at 1. Plaintiff also attached a medical note from UC Davis

13   Health's Dr. Alejandro Jimenez, M.D. indicating Plaintiff had been hospitalized in May

14   2023 and to "please excuse her from all activities to accommodate the recovery period"

15   and that her recovery would be revisited "after November 9, 2023." *Id*. at 2. On the same

16   day, Defendant filed a Defendant-only status report in response to the court's May 11,

17   2023 Order. (ECF No. 11.) In its status report, Defendant's counsel indicated it had

18   attempted to confer with Plaintiff on numerous occasions and was again unsuccessful in

19   securing a joint status report due to Plaintiff's lack of participation. *Id*. at 1, Decl. of Joel

20   A. Graboff ¶¶ 4-14 (ECF No. 11-1). In the afternoon of June 13, 2023, Plaintiff emailed

21   chambers staff her June 13, 2023 filing requesting a "medical continuance" and

22   indicating she was "unable to proceed with the case due to [Plaintiff's] medical crisis."

23   6/21/2023 Order at 2 (ECF No. 13).

24        On June 21, 2023, Magistrate Judge Newman issued an order to show cause why

25   this action should not be dismissed. 6/21/2023 Order at 2. The June 21, 2023 Order

26   indicated it was not clear whether Plaintiff was seeking to dismiss her action or

27   requesting a stay of this action but that lengthy stays cannot be granted as Plaintiff was

28   previously informed. *Id*. The Court indicated it was inclined to grant a one-time 60-day

extension on the scheduling of the case deadlines, but that it was not inclined to grant

extensions beyond this without further information. *Id.* The June 21, 2023 Order vacated

the June 27, 2023 initial scheduling conference and ordered Plaintiff to respond to the

order indicating whether she intended to dismiss the action or if she would seek a one-

time 60-day continuance of the case scheduling deadlines. *Id*. at 3. Plaintiff was given

until July 12, 2023 to respond to the June 21, 2023 Order. *Id.* On July 10, 2023, Plaintiff

filed a response to the June 21, 2023 Order requesting a 60-day extension on the

scheduling of case deadlines and indicated she was in the process of obtaining counsel

to evaluate Defendant's status report. (ECF No. 14.) On July 18, 2023, Magistrate Judge

Newman discharged its June 21, 2023 Order, granted Plaintiff a 60-day extension of

time and ordered Plaintiff to contact Defendant by September 12, 2023 to provide an

update as to whether she was ready to proceed with case scheduling or whether she

intended to dismiss the action. 7/18/2023 Order at 2 (ECF No. 15). The July 18, 2023

Order also directed Plaintiff to participate in the drafting of a joint statement for

scheduling purposes if she planned to proceed with the action, and that the parties were

required to submit a joint statement by September 19, 2023. *Id.* The initial scheduling

conference was reset to September 26, 2023 and Plaintiff was advised that should she

require accommodations for the hearing, she was required to familiarize herself with the

court's procedures for making such requests. *Id.*

On September 19, 2023, Defendant filed a status update and informed the Court

that Defendant had been in contact with Dylan Schaffer, who was not yet counsel of

record for Plaintiff, but who had indicated to Defendant that he would be making an

appearance on behalf of Plaintiff shortly. ECF No. 16 at 2. On the same day, Dylan

Schaffer filed a notice of appearance on behalf of Plaintiff. (ECF No. 17.) Plaintiff's

counsel Dylan Schaffer also requested a continuance of the scheduling hearing. *Id*. at 2.

On September 20, 2023, this action was reassigned to the District Judge as it was no

longer designated a pro se action and the September 26, 2023 initial scheduling

conference before Magistrate Judge Newman was vacated. (ECF No. 19.)

1    On October 20, 2023, this action was referred to Magistrate Judge Newman for

2  settlement proceedings pursuant to the parties' request in their joint status report. (ECF

3  No. 24.) Parties were ordered to file an updated joint status report within fourteen (14)

4  days after completion of settlement proceedings. *Id*. A settlement conference was held

5  before Magistrate Judge Newman on January 17, 2024. (ECF No. 28.) The case did not

6  settle, and Plaintiff's counsel Dylan Schaffer informed the Court he intended to file a

7  motion to withdraw as counsel. (ECF No. 29.) On March 25, 2024, the District Judge

8  issued a Minute Order directing Plaintiff's counsel to file a motion to withdraw or file,

9  along with Defendant, an updated joint status report. 3/25/2024 Order (ECF No. 30.)

10  Parties were warned that failure to comply with the order may result in an order

11  dismissing this action pursuant to Federal Rules of Civil Procedure 41(b). *Id*.

12    On March 27, 2024, Plaintiff's counsel Dylan Schaffer filed a motion to withdraw

13  as Plaintiff's counsel and set it for hearing before the District Judge. (ECF No. 31.) On

14  April 22, 2024, the District Judge granted the motion to withdraw noting that "the Court

15  finds that the attorney-client relationship has broken down such that it is no longer

16  possible for retained counsel to continue representing Plaintiff in this case." Order

17  Granting Mot. to Withdraw at 1 (ECF No. 33). Plaintiff was ordered to retain new counsel

18  within 30 days of service of the April 22, 2024 Order and new counsel to file a notice of

19  appearance in this action. *Id*. at 2. Plaintiff's outgoing counsel, Dylan Schaffer, was

20  ordered to serve a copy of the April 22, 2024 Order on Plaintiff at her last known address

21  and file a certificate of service attesting to such service. *Id*. The court further noted that

22  upon completion of service, Schaffer's responsibility to represent Plaintiff would be

23  terminated. *Id*. On April 23, 2024, Plaintiff's prior counsel Schaffer filed a certificate of

24  service attesting to mailing the April 22, 2024 Order to Plaintiff at her insured address in

25  Sacramento and to her P.O. Box address in Sacramento. ECF No. 34 at 2.

26    On May 14, 2024, Plaintiff filed a motion for a 60-day extension of time to retain

27  counsel. (ECF No. 36.) Plaintiff indicated she was "experiencing some personal medical

28  issues." *Id*. On May 22, 2024, the District Judge granted Plaintiff 60 days to retain new

1    counsel and directed new counsel to file a notice of appearance. 5/22/2024 Order at 2

2    (ECF No. 37).

3         On July 1, 2024, Plaintiff filed a motion for a six (6) month extension of time

4    requesting a "medical continuance" because she has been "unable to proceed with the

5    case due to medical crisis." ECF No. 38 at 1. Plaintiff submitted a medical note from

6    Sacramento Native American Health Center, Inc. indicating Plaintiff had "an extensive

7    medical condition" and that she would be "undergoing an extensive work up to determine

8    the ongoing source of pain." *Id*. at 2. On July 3, 2024, Defendant filed an opposition

9    opposing Plaintiff's request indicating that Plaintiff has had numerous opportunities to

10   move the case forward and has failed to provide justification as to why another extension

11   should be permitted. ECF No. 39 at 2. On July 10, 2024, the District Judge denied

12   Plaintiff's request for an extension of time indicating that since the removal of this action,

13   "Plaintiff has sought to stay or continue the case five times either to allow Plaintiff time to

14   secure legal counsel or because of medical issues." 7/10/2024 Order at 1 (ECF No. 40).

15   The July 10, 2024 Order noted that most recently, the court granted Plaintiff 60 days to

16   retain new counsel and that Plaintiff's current request did not seek an extension of any

17   particular deadline but instead was seeking "a stay of the case for the next six months

18   while Plaintiff attends to her medical needs." *Id.* The court noted that it was sympathetic

19   to Plaintiff's medical issues but that Plaintiff had not established a hardship that would

20   "warrant such a lengthy stay when balanced against the prejudice to Defendant and the

21   efficient use of judicial resources." *Id*. at 2. The court further noted that Plaintiff had "not

22   described how her medical condition or planned health care interfere with her ability to

23   prosecute the case" or whether Plaintiff's medical condition would be resolved within the

24   requested timeframe. *Id*. (citing *Miesegaes v. Allenby*, 2020 WL 3077906, at *2 (C.D.

25   Cal. Feb. 11, 2020) (granting an extension of stay where the court determined that the

26   defendant was unable to participate in his own defense of the claims against him at this

27   time due to injuries)). The court further indicated to Plaintiff that if she "is unable to

28   prosecute her case at this time, she may stipulate to dismissal without prejudice and

1   refile when she is able." *Id*.

2         On July 24, 2024, Plaintiff filed a motion to proceed in forma paurperis, which was

3   granted by the District Judge and referred this action to the undersigned for all further

4   proceedings. (ECF Nos. 45, 46.) On August 16, 2024, the Court ordered the parties to

5   confer regarding a pretrial scheduling order. 8/16/2024 Order (ECF No. 47). On

6   September 27, 2024, Defendant filed a Defendant-only status report proposing case

7   scheduling deadlines and stating it was unable to confer with Plaintiff despite numerous

8   attempts to do so. (ECF No. 49.) The Court issued a Pretrial Scheduling Order on

9   October 3, 2024. 10/3/2024 Pretrial Sch. Order (ECF No. 50).

10         On February 13, 2025, Defendant filed the pending motion to dismiss, or in the

11   alternative, to compel pursuant to Federal Rules of Civil Procedure 41 and 37 and

12   noticed it for a hearing before the undersigned for March 25, 2025. Def. MTD (ECF No.

13   51). Plaintiff was served with Defendant's motion by mail and email on February 13,

14   2025. (ECF No. 51-2 at 3-4.) Plaintiff's opposition or statement of non-opposition was

15   due February 27, 2025, but Plaintiff did not file an opposition or statement of non-

16   opposition within the required deadline. *See* Docket; E.D. Cal. L.R. 230(c). On March 18,

17   2025, Defendant's motion to dismiss was submitted without appearance and without

18   argument and the March 25, 2025 hearing was vacated. (ECF No. 56.) On March 26,

19   2025, Plaintiff filed a motion for a hearing on Defendant's motion, which was opposed by

20   Defendant and denied by the Court. (ECF Nos. 58, 60, 70.) Over five weeks after her

21   opposition was due, on April 9, 2025, Plaintiff filed a 45 to 60-day extension of time to file

22   an opposition to the motion to dismiss indicating she "did not have cognitive capacity

23   after motor vehicle collision hospitalization on 02/02/2025" to address Defendant's

24   motion and that she "sustained additional neurological damage." (ECF No. 61.)

25   Defendant opposed the motion. (ECF No. 63.) On June 25, 2025, the Court granted in

26   part Plaintiff's motion for an extension of time and ordered Plaintiff to file her opposition

27   or statement of non-opposition to Defendant's motion to dismiss by July 9, 2025.

28   6/25/2025 Order at 5 (ECF No. 70). On July 9, 2025, Plaintiff filed a "motion for

1  continuance" to file an opposition to Defendant's motion to dismiss, which Defendant

2  opposed. (ECF Nos. 72, 73.) In support of her motion, Plaintiff attached a medical note

3  from UC Davis Health Dr. Vijay Agusala stating "[g]iven her current heart issues, I as

4  [Plaintiff's] cardiology physician, would recommend she avoid stressful situations as

5  possible." ECF No. 72 at 3. On July 15, 2025, Plaintiff filed her opposition to Defendant's

6  motion to dismiss which was entered on the Docket on July 16, 2025. (ECF No. 75.) On

7  July 16, 2025, the Court denied Plaintiff's request for an extension of time for failure to

8  establish good cause. 7/16/2025 Order (ECF No. 74). On July 16, 2025, Defendant filed

9  a motion to strike Plaintiff's opposition to Defendant's motion to dismiss. (ECF No. 76.)

10  On July 25, 2025, Plaintiff filed an opposition to Defendant's motion to strike. (ECF No.

11  77.)

12       On April 24, 2025, Defendant filed a motion for monetary sanctions pursuant to

13  Federal Rules of Civil Procedure 37 and noticed it for hearing before the undersigned for

14  Mary 13, 2025. Def. Mot. for Monetary Sanctions (ECF No. 66). Plaintiff did not oppose

15  or respond to Defendant's motion for monetary sanctions. *See* Docket. On May 6, 2025,

16  Defendant's motion for monetary sanctions was submitted without appearance and

17  without argument and the May 13, 2025 hearing was vacated. (ECF No. 69.)

18       On June 25, 2025, the Court granted in part and denied in part the parties'

19  motions to modify the pretrial scheduling order (ECF Nos. 65, 67) and extended certain

20  case deadlines. 6/25/2025 Order at 3-4. The Court also directed Plaintiff to indicate her

21  representation status by July 2, 2025 based on Plaintiff's indication she may be

22  represented by counsel. *Id*. at 4. On July 3, 2025, Plaintiff filed a status report indicating

23  she had not retained counsel but was still seeking counsel. (ECF No. 71.)

24  **II.    LEGAL STANDARDS**

25       Under Federal Rule of Civil Procedure 41, a court may dismiss an action for

26  failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the

27  court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v.*

28  *Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's

1 failure to follow the district court's local rules). This court's Local Rules are in accord.

2 *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these

3 Rules or with any order of the Court may be grounds for imposition by the Court of any

4 and all sanctions authorized by statute or Rule or within the inherent power of the

5 Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply

6 with the federal rules, local rules, or other applicable law may support dismissal of that

7 party's action).

8       The Ninth Circuit has found the following factors relevant in determining whether a

9 case should be dismissed under Rule 41(b):

10     (1) the public's interest in expeditious resolution of litigation;
    (2) the court's need to manage its docket;

11     (3) the risk of prejudice to the defendant(s);
    (4) the availability of less drastic alternatives; and

12     (5) the public policy favoring disposition of cases on their merits.

13 *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

14       The court has the inherent power to control its docket and may, in the exercise of

15 that power, impose sanctions where appropriate, including dismissal of the action.

16 *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

17 **III.   DISCUSSION**

18     **A.   Defendant's Motion to Dismiss, or in the Alternative, Compel**

19       Defendant moves to dismiss this action, or in the alternative, compel pursuant to

20 Federal Rules of Civil Procedure 41(b) and 37(b) for Plaintiff's failure to comply with her

21 discovery obligations and the Court's orders. Def. MTD at 1-2. Defendant contends that

22 Plaintiff has: (1) failed to serve initial disclosures pursuant to Federal Rules of Civil

23 Procedure 26 as ordered by the Court in its October 3, 2024 Pretrial Sch. Order; (2)

24 failed to respond to Defendant's requests for production and requests for admissions

25 despite repeated requests; (3) failed to respond to Defendant's meet and confer efforts

26 as to outstanding discovery; and (4) failed to respond to Defendant's attempts to

27 schedule Plaintiff's deposition and inspect the subject property. *Id*. at 2, 12-15.

28 Alternatively, Defendant moves to compel Plaintiff to: (1) serve initial disclosures within

1    10 days; (2) serve responses to Defendant's requests for production and responsive

2    documents, without objections, within 10 days; and (3) confer with Defendant as to

3    available dates for Plaintiff's deposition and inspection of the subject property. *Id*. at 2,

4    21-23. Defendant also seeks monetary sanctions in the amount of $1,250.00 from

5    Plaintiff for her gross misuse of the discovery process. *Id*. at 2, 23.

6          As a preliminary matter, the Court addresses Defendant' motion to strike Plaintiff's

7    untimely opposition to Defendant's motion to dismiss. (ECF No. 76.) On June 25, 2025,

8    the Court granted in part Plaintiff's motion for an extension of time and ordered Plaintiff

9    to file her opposition or statement of non-opposition to Defendant's motion to dismiss by

10   July 9, 2025. 6/25/2025 Order at 5. On July 16, 2025, the Court denied Plaintiff's second

11   request for an extension of time to file an opposition to Defendant's motion to dismiss for

12   failure to establish good cause. 7/16/2025 Order. After the Court's denial was filed,

13   Plaintiff's unauthorized opposition was entered on the docket on July 16, 2025. (ECF No.

14   75.) Plaintiff's opposition or statement of non-opposition to Defendant's motion to

15   dismiss was originally due on February 27, 2025, and the Court ultimately granted

16   Plaintiff until July 9, 2025 to file her opposition. 6/25/2025 Order. Plaintiff had over four

17   months to file her opposition and failed to do so. *See* Docket. Because the Court did not

18   authorize Plaintiff to file an untimely opposition, the Court grants Defendant's motion to

19   strike Plaintiff's untimely opposition.

20         Turning next to whether dismissal is warranted here, the Court applies the factors

21   for involuntary dismissal and finds this action should be dismissed. *See Applied*

22   *Underwriters*, 913 F.3d at 890.

23              1.    Public's Interest in Expeditious Resolution of Litigation and Court's

24                    Need to Manage its Docket

25         Defendant argues that the public's interest in expeditious resolution of litigation

26   always favors dismissal. Def. MTD at 15-16 (citing *Yourish v. California Amplifier*, 191

27   F.3d 983, 990 (9th Cir. 1999)). Defendant argues Plaintiff's failure to serve her initial

28   disclosures in compliance with the Court's order, failure to respond to discovery

1   requests, failure to meet and confer on numerous occasions, and failure to respond to

2   Defendant's attempts to schedule Plaintiff's deposition and site inspection favors

3   dismissal because Plaintiff has not conducted discovery in two years and has ceased

4   communications with Defendant's counsel. Def. MTD at 16. Defendant also argues

5   Plaintiff has repeatedly sought continuances of this case and has failed to move the

6   case forward. *Id*.

7        Here, the first two factors weigh in favor of dismissal because the public has a

8   strong interest in expeditious resolution of litigation, and for years, Plaintiff has failed to

9   take the steps necessary to move this case forward. This action has been pending since

10  2023. *See* Docket. Since the inception of this action, Plaintiff has been warned on

11  multiple occasions by this Court of her obligation to participate in moving her case

12  forward, confer in good faith with Defendant, and that Plaintiff's future failure to confer

13  may result in sanctions, including dismissal of her action. *See* 3/28/2023 Order;

14  5/11/2023 Order; 7/18/2023 Order. Plaintiff has also requested eight (8) extensions

15  since this action was removed from state court to either allow Plaintiff time to obtain legal

16  counsel or because of medical issues. *See* ECF Nos. 7 (requesting a stay of the action

17  without a determinate date while Plaintiff "secure[d] legal counsel"), 10 (requesting a stay

18  of this action without a determinate date "until legal counsel is secured"), 12 (requesting

19  "medical continuance" without a determinate date and indicating Plaintiff has been

20  "unable to proceed with the case due to [] medical crisis"), 14 (requesting a 60-day

21  extension of time as she is in the process of obtaining legal counsel), 36 (requesting 60-

22  day extension of time to obtain legal counsel), 38 (requesting a 6 month extension of

23  time because Plaintiff was "unable to proceed with the case due to medical crisis"),  61

24  (requesting 45-60 day extension of time to file her opposition), 72 (requesting a 30-day

25  "medical continuance"). Here, not only has Defendant made numerous attempts to gain

26  Plaintiff's cooperation in moving this action forward, the Court has also provided Plaintiff

27  multiple extensions in light of her unexplained medical condition and effort to retain legal

28  counsel. However, Plaintiff has demonstrated that her repeated failure to participate in

11

1    this litigation and comply with the Court's orders, thereby hindering the Court's ability to

2    move this action towards disposition. In addition, this district court in particular has a

3    strong need and interest in managing its docket given the extremely high caseload in the

4    Eastern District of California. The Court has expended scarce judicial resources

5    attempting to gain Plaintiff's participation and cooperation in this action. Plaintiff's failure

6    to comply with her discovery obligations, comply with the Court's orders, and oppose the

7    motions filed, establishes Plaintiff's failure to diligently litigate this action. Accordingly,

8    these two factors weigh in favor of dismissal.

9                          2.        Risk of Prejudice to the Defendant

10           Defendant argues Plaintiff's failure to conduct discovery for the past two years,

11   including failing to serve initial disclosures, failing to respond to discovery requests, and

12   failing to confer, has prejudiced Defendant's ability to proceed with this action

13   expeditiously. Def. MTD at 17. Defendant argues the allegations in this action involve

14   incidents that took place over four years ago in January 2021. Defendant argues it has

15   been prejudiced by its inability to inspect the subject property to determine its condition

16   for the past two years and that Plaintiff's failure to uphold her discovery obligations and

17   failure to communicate with Defendant has further prejudiced Defendant's ability to

18   obtain any discovery, exacerbated the likelihood of memory loss by witnesses because

19   the alleged incidents took place in 2021, and is resulting in an increase in the claimed

20   damages and the deterioration of evidence. *Id*. Defendant further argues Defendant's

21   attempts to meet and confer with Plaintiff and obtain discovery responses from Plaintiff

22   has unnecessarily increased litigation costs. *Id*. at 17-18.

23           Pursuant to the Court's October 3, 2024 Pretrial Scheduling Order, initial

24   disclosures were ordered to be exchanged by November 8, 2024. 10/3/2024 Pretrial

25   Sch. Order at 3, 7. Based on the record, Defendant served Plaintiff with its initial

26   disclosures on November 8, 2024. *See* Decl. Shadie Maghareh, Exh. 1 (ECF No. 51-1).

27   On December 17, 2024, Defendant also served Plaintiff with discovery requests,

28   including requests for admissions and requests for production of documents. *Id*., Exh. 3.

1    To date, Plaintiff has not filed responses to Defendant's discovery requests or fulfilled

2    her discovery obligations, including to comply with the Court's October 3, 2024 Pretrial

3    Scheduling Order. *See also* Fed. R. Civ. P. 26(a), 34(a), 36(a). To require Defendant to

4    continue to defend this action and incur litigation costs is prejudicial to Defendant,

5    especially given the impact on resources of stale litigation. It is clear that Plaintiff is not

6    diligently prosecuting this action. Although the Court is sympathetic to Plaintiff's alleged

7    health issues, many extensions have already been granted and despite repeated

8    extensions, Plaintiff continues to fail to uphold her obligations and to meaningfully

9    participate in a lawsuit that she brought. Therefore, the risk of prejudice to the Defendant

10   also weighs in favor of dismissal.

11                        3.      Availability of Less Drastic Alternatives

12           Defendant argues dismissal is appropriate because despite receiving multiple

13   extensions in this action, and explicit warnings from the Court regarding dismissal as a

14   potential sanction, Plaintiff continues to not actively participate in this action. Def. MTD at

15   18-20. Defendant further argues the Court's warnings have also not affected Plaintiff's

16   conduct. *Id* at 20. The Court agrees. The Court has already tried less drastic alternatives

17   multiple times. The Court has provided Plaintiff multiple opportunities to obtain legal

18   counsel, has extended multiple deadlines in light of Plaintiff's medical condition and

19   effort to obtain legal counsel, has repeatedly warned Plaintiff of her obligation to confer

20   with Defendant, has continued court hearings, and has provided Plaintiff additional

21   opportunities to timely oppose the pending motion to dismiss. Therefore, the Court finds

22   that the imposition of alternative sanctions would be futile to gain Plaintiff's compliance to

23   move this action forward as its many prior attempts have failed. Moreover, Plaintiff has

24   been advised on multiple occasions that failure to comply with the Court's orders may

25   result in the imposition of sanctions, including dismissal. *See* 3/28/2023 Order;

26   5/11/2023 Order; 6/21/2023 Order; *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128,

27   132 (9th Cir. 1987) ("warning a plaintiff that failure to obey a court order will result in

28   dismissal can suffice to meet the 'consideration of alternatives' requirement") (citation

1    omitted). Accordingly, this factor weighs in favor of dismissal.

2              4.        Public Policy Favoring Disposition on the Merits

3         As to the last factor, Defendant argues Plaintiff's failure to participate in discovery,

4    failure to confer, and failure to comply with the Court's orders has prevented Defendant

5    from being able to adequately defend against Plaintiff's allegations. Def. MTD at 21.

6    Defendant argues as a result, Plaintiff has failed to move the case forward. *Id.* The Court

7    finds the factor as to the public policy favoring disposition of cases on their merits is

8    outweighed here. Plaintiff's own failure to prosecute the case and comply with the rules

9    preclude a resolution on the merits. This action cannot proceed without Plaintiff's

10   participation, compliance with the Federal Rules of Civil Procedure, and compliance with

11   the Court's orders.

12        Therefore, after careful consideration, the Court concludes dismissal for failure to

13   prosecute is appropriate. The Court therefore recommends granting Defendant's motion

14   to dismiss. The Court denies as moot Defendant's alternative motion to compel in light of

15   the Court's recommendation to dismiss this action.

16   **B.     Defendant's Motion for Monetary Sanctions**

17        Because the Court recommends dismissal of this action, the Court denies without

18   prejudice Defendant's motion for monetary sanctions (ECF No. 66). If this action is not

19   dismissed, Defendant may renew its motion for monetary sanctions.

20   **IV.   CONCLUSION**

21        Based on the above, IT IS HEREBY ORDERED that:

22        1.    Defendant's motion to strike (ECF No. 76) is GRANTED;

23        2.    Plaintiff's opposition to Defendant's motion to dismiss (ECF No. 75) is

24              STRICKEN from the Docket; and

25        3.    Defendant's alternative motion to compel (ECF No. 51) is DENIED as

26              MOOT; and

27        4.    Defendant's motion for monetary sanctions (ECF No. 66) is DENIED

28              without prejudice.

1       Further, based upon the findings above, IT IS HEREBY RECOMMENDED that:

2       1.      Defendant's motion to dismiss (ECF No. 51) is GRANTED; and

3       2.      The Clerk of the Court be directed to CLOSE this case.

4    These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days

6    after being served with these findings and recommendations, any party may file written

7    objections with the Court and serve a copy on all parties. This document should be

8    captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply

9    to the objections shall be served on all parties and filed with the Court within 14 days

10   after service of the objections. Failure to file objections within the specified time may

11   waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455

12   (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

13

14   Dated:  July 29, 2025

15                                                CHI SOO KIM
                                                  UNITED STATES MAGISTRATE JUDGE
16

17   4, beas0326.23

18

19

20

21

22

23

24

25

26

27

28