UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY BEASLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRAVELERS COMMERCIAL INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 2:23-cv-00326-DJC-CSK<br><br>FINDINGS AND RECOMMENDATIONS GRANTING IN PART AND DENYING IN PART DEFENDANT'S BILL OF COSTS<br><br>(ECF No. 83) |

Pending before the Court is Defendant Travelers Commercial Insurance Company's Bill of Costs.[1] (ECF No. 83.) Plaintiff Tracy Beasley has filed objections, and Defendant has filed a reply. (ECF Nos. 85, 86.) Pursuant to Local Rule 230(g), the Court submits this motion upon the record and briefs on file. For the reasons that follow, the Court recommends Defendant's Bill of Costs be GRANTED in part and DENIED in part.

**I.　BACKGROUND**

On July 29, 2025, the Court issued findings and recommendations recommending Defendant's motion to dismiss be granted. 7/29/2025 Findings and Recommendations (ECF No. 78). On August 22, 2025, the assigned district judge adopted the July 29, 2025 findings and recommendations in full and granted Defendant's motion to dismiss. (ECF

---

[1]　On September 8, 2025, the assigned district judge referred this matter to the undersigned for further proceedings. 9/8/2025 Order (ECF No. 84).

1

No. 81.) On August 25, 2025, judgment was entered in favor of Defendant. (ECF No. 82.) On September 8, 2025, Defendant filed a Bill of Costs pursuant to 28 U.S.C. § 1920 seeking $3,000.06 in total costs. (ECF No. 83.) On September 11, 2025, Plaintiff filed objections, and on September 15, 2025, Defendant filed a reply. (ECF Nos. 85, 86.)

## II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 54(d)(1), the prevailing party in a lawsuit "should be allowed" to recover its costs "[u]nless a federal statute, these rules, or a court order provides otherwise." As Rule 54(d)(1) suggests, "the rule creates a presumption in favor of awarding costs to a prevailing party," but vests in the district court discretion as to whether to award costs. *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). If the district court declines to award costs to the prevailing party, the Court must "specify reasons for its refusal to award costs." *Id*. (internal quotation marks and citation omitted). However, the district court need not "specify reasons for its decision to abide [by] the presumption and tax costs to the losing party." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (emphasis omitted). A prevailing party's ability to recover costs under Rule 54(d)(1) is limited to those costs defined in 28 U.S.C. § 1920 and in this district, by Local Rule 292(f). *See* 28 U.S.C. § 1920 (specifying taxable costs); E.D. Cal. Local Rule 292(f) (same).

## III.    DISCUSSION

Defendant is seeking to recover costs in the amount of $3,000.06 pursuant to 28 U.S.C. § 1920. (ECF No. 83.) The costs sought by Defendant include filing fees ($624.00), fees incurred in connection with subpoenas ($2,171.06), and fees for delivery of documents ($205). 9/8/2025 Aaron C. Agness Declaration ¶¶ 2-4 (ECF No. 83-1). On September 11, 2025, Plaintiff filed objections to Defendant's Bill of Costs arguing Defendant had not provided a reasonable explanation for its costs, the case had been closed, and the Court did not award costs. (ECF No. 85.) The Court addresses each request in turn.

### A. Filing Fees

28 U.S.C. § 1920(1) allows a prevailing party to recover "[f]ees of the clerk and marshal." *See also* E.D. Cal. Local Rule 292(f)(1) (clerk's fees are taxable costs). Here, Defendant seeks reimbursement for filing fees incurred in this action, including $402 for removing the matter to this Court and $222 for filing a Notice to Adverse Parties of the Filing of the Notice of Removal in state court, for a total of $624 in filing fees. Agness Decl. ¶ 2; Exh. A. The Court finds Defendant is entitled to $624 in filing fees.

### B. Business Record Subpoena Fees

Fees for the service of summons and subpoena are generally recoverable pursuant to 28 U.S.C. § 1920(1). 28 U.S.C. § 1920(4) also allows for the recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See also* E.D. Cal. Local Rule 292(f)(5) (same). Here, Defendant seeks to recover $2,171.06 for fees incurred in connection with business record subpoenas served pursuant to Federal Rule of Civil Procedure 45. Agness Decl. ¶ 3. Defendant submits 10 invoices for costs incurred from April 2023 to March 2025 for service and printing of business record subpoenas issued in this action. Agness Decl. ¶ 3; Exh. B. The Court finds the fees for the service of business record subpoenas were reasonably required and actually incurred, and that the copying costs associated with the subpoenas were reasonable and necessarily obtained for the use in this action. The Court finds Defendant is entitled to $2,171.06 for service and copying fees incurred in connection with business record subpoenas.

### C. Delivery of Document Fees

Defendant also seeks to recover $205 for delivery of a chambers copy of a status report and declaration (ECF Nos. 49, 49-1) to this Court, which Defendant argues are costs taxable pursuant to Local Rule 292(f)(11). Agness Decl. ¶ 4. *See* also E.D. Cal. Local Rule 292(f)(11) ("Other items allowed by any statute or rule or by the Court in the interest of justice.") However, costs for delivery of documents are not authorized under 28 U.S.C. § 1920. *See Kings River Packing LP v. WKS AG Consultants Inc.*, 2025 WL

2879326, at *9 (E.D. Cal. Oct. 9, 2025), *report and recommendation adopted*, 2025 WL 3143122 (E.D. Cal. Nov. 10, 2025) (declining to award costs for delivery and service of documents, including a mailing of a courtesy copy to the Court, as such costs are not authorized under Section 1920); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Allied Prop. & Cas. Ins. Co.*, 2014 WL 3529980, at *1 (E.D. Cal. July 16, 2014) ("Communication charges like courier, mail, telephone, telex and fax costs cannot be taxed."); *Cooper v. United Air Lines, Inc.*, 2015 WL 3548572, at *3 (N.D. Cal. June 5, 2015) (Declining to award costs for service of chambers copies because '"[o]vernight delivery and courier charges are not one of the enumerated categories of recoverable costs in § 1920."). Accordingly, the Court will recommend Defendant's request for $205 in delivery fees be denied.

For the foregoing reasons, the Court recommends granting in part and denying in part Defendant's Bill of Costs and recommends that the district court tax costs in favor of Defendant for $2,795.06.

**IV.    CONCLUSION**

Based upon the findings above, IT IS HEREBY RECOMMENDED that:

1.   Defendant's Bill of Costs (ECF No. 83) be GRANTED in part and DENIED in part; and

2.   Defendant be awarded $2,795.06 in costs.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

///

455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: December 9, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, beas0326.23